**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DAVID MACCINES, IV, | : | **Civil Action No. 20-1106 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff David MacInnes, IV ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning August 25, 2016. A hearing was held before ALJ Denise M. Martin (the "ALJ") on May 21, 2019, and the ALJ issued an unfavorable decision on September 30, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of September 30, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.   At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional and non-exertional limitations.   At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work.   At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.   The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two arguments: 1) at step two, the ALJ improperly found Plaintiff's sleep apnea and chronic fatigue not to be severe impairments; and 2) at step four, the ALJ improperly discounted the observations of Plaintiff's wife.

Plaintiff's arguments suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine.   As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.   Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.   The Court stated: "the burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination." <u>Id.</u>   In such a case, "the claimant has the 'burden' of showing that an error was harmful."   <u>Id.</u> at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.   At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.   It is not enough to show the presence of an error.   Pursuant to <u>Shinseki</u>, Plaintiff bears the burden of proving that he was harmed by this error.   Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred.   None of Plaintiff's arguments are even directed to satisfying the requirements of <u>Shinseki</u>.   Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of <u>Shinseki</u>.

Plaintiff first challenges the ALJ's decision at step two, where the ALJ found that Plaintiff had five severe impairments, but did not include sleep apnea and chronic fatigue. Plaintiff argues that the ALJ erred at step two under Third Circuit law, and the parties have briefed a dispute over this.   The Court need not plumb the depths of this dispute because, even if Plaintiff is correct, Plaintiff has made no showing that any error was harmful.

The Court acknowledges the relevant law.   The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims."   <u>Newell v. Comm'r of Soc. Sec.</u>, 347 F.3d 541, 546 (3d Cir.

2003).   The <u>Newell</u> Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work."   SSR 85-28, 1985 SSR LEXIS 19 at *6-8.   Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue.   *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

<u>Newell</u>, 347 F.3d at 546; <u>accord</u> <u>McCrea v. Comm'r of Soc. Sec.</u>, 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.")   In <u>McCrea</u>, the Third Circuit reaffirmed the severity standard announced in <u>Newell</u> and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow."   <u>McCrea</u>, 370 F.3d at 357.

This Court agrees with Plaintiff that, under the *de minimis* standard set forth in Third Circuit law, the ALJ may have erred in the decision that Plaintiff has only five severe impairments.   Under <u>Shinseki</u>, however, to prevail on appeal, Plaintiff must also show that an error was prejudicial, and he has not done so.   At step two, the ALJ found five other severe impairments.   Had the total count been six or seven, instead of five, it would not have made any difference to the outcome.   This Court finds no basis to conclude that, if the ALJ did err at step two, Plaintiff was prejudiced.

Plaintiff also argues that, at step four, the ALJ improperly discounted the reports of Plaintiff's wife.   As Plaintiff states, the ALJ discounted the spousal observations on the ground

4

that they were not consistent with the objective medical evidence.   Plaintiff contends that the ALJ improperly rejected the spouse's reports about Plaintiff's sleep problems.   Plaintiff does not, however, muster the evidence to make a showing that, but for the alleged errors, he might have shown that his sleep problems were disabling, as <u>Shinseki</u> requires.   Plaintiff has not shown that he was prejudiced by any error in the ALJ's weighting of the spousal observations.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


                                                                  ___ s/ Stanley R. Chesler_____
                                                                 STANLEY R. CHESLER, U.S.D.J.

Dated: January 29, 2021